UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE

| | |
|---|---|
| RAINEY NICHOLE FIELDS, ) | |
| ) | |
| *Petitioner,* ) | |
| ) | |
| v. ) | Nos. 2:18-CR-161 |
| ) | 2:20-CV-161 |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| *Respondent.* ) | |

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is the motion of Rainey Nicole Fields ("Fields" or "Petitioner"), a federal inmate, to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 [Docs. 807; Doc. 1]. The Court finds the materials thus submitted, together with the record of the underlying criminal case (2:18-CR-161), conclusively show Fields is not entitled to relief on any of the claims asserted in her petition. Accordingly, the Court will decide this matter without an evidentiary hearing, *see United States v. Todaro*¸ 982 F.2d 1025, 1028 (6th Cir. 1993), and will DENY Fields' motion.

**I.    PROCEDURAL AND FACTUAL BACKGROUND**

A federal grand jury returned a 76 count indictment on October 10, 2018, alleging a multi-defendant conspiracy to distribute 50 grams of more of methamphetamine that extended from May 2015 through October 2018 in violation of 21 U.S.C. §§ 846, 841(b)(1)(A) [Doc. 3, 139, 176]. Fields was also indicted in count 5, 21, 23, and 72 for aiding and abetting the possession with the intent to distribute 50 grams or more of methamphetamine on various dates outlined in the indictment, and for possessing a firearm in furtherance of a drug trafficking

1

offense as charge in count 5 and 21 in violation of 18 U.S.C. § 924(c)(1)(A). In count 20, she was indicted for possessing with the intent to distribute 5 grams or more of methamphetamine on October 27, 2017.

On March 25, 2019, a plea agreement was filed in which Fields agreed to plead guilty to only count 1, which charged her with a conspiracy to distribute 50 grams or more of methamphetamine [Doc. 227]. The plea agreement included an agreed factual basis in support of her plea. Specifically, she agreed to the following:

> On June 12, 2017, a Washington County Sheriff's Department Deputy lawfully stopped a vehicle driven by Brock Church for window tinting that was too dark. Rainey Fields was in the front passenger seat. The Deputy has his K9 partner, who is trained to detect the smell of methamphetamine, conduct a free air sniff around the vehicle. The K9 alerted to a pink bag on the passenger side floorboard. Inside the bag the Deputy found two baggies containing approximately two (2) ounces of methamphetamine and small lock box containing an additional five (5) ounces of methamphetamine. A loaded SCCY 9mm handgun was found under the driver's seat. Church was also found to have a small baggie of methamphetamine in his underwear. The methamphetamine totaled 221 grams. The defendant now admits that she knew Church possessed the 9mm handgun found under his seat.

[Doc. 227, ¶ 4(c)]. In addition to those facts, she also agreed that in October 2017, she and Church dropped off a vehicle at a car dealership for repairs. Three days later, she and Church retuned to pick up the vehicle when law enforcement contacted them. They searched the vehicle and discovered a loaded AR-15. [Doc. 227, ¶ 4(e)]. Fields agreed that "[f]or the purposes of this plea agreement, the parties agree that a 2-level enhancement for possessing a firearm under § 2D1.1(b)(1)(c) should apply to this defendant." [*Id.* at ¶ 4(i)]. She stipulated that she was responsible for between 1.5 kilograms but less than 4.5 kilograms of actual methamphetamine.

A presentence report was prepared by the United States Probation office. It set the base offense level at 36 based on Fields' agreement that she was responsible for between 1.5 but less than 4.5 kilograms of methamphetamine [Doc. 343, ¶ 26]. It also applied a two-level

2

Case 2:18-cr-00161-DCLC-DHI   Document 813   Filed 09/28/20   Page 2 of 8   PageID #: 7613

enhancement for possessing a firearm based on U.S.S.G. § 2D1.1(b)(1). It reduced her offense by three levels for acceptance of responsibility. It determined Fields criminal history category to be IV, based on seven criminal history points. This translated into an advisory guideline range of imprisonment of 235 to 293 months with a statutory mandatory minimum of 120 months [*Id.* at ¶¶ 70-71]. Fields filed a notice of no objections to the Presentence Report [Doc. 348]. On September 20, 2019, the Court sentenced Fields to 210 months imprisonment [Doc. 480]. She did not appeal.

On July 7, 2020, Fields timely filed a motion to vacate pursuant to 28 U.S.C. § 2255 [Doc. 807; Doc. 1]. In her motion, Fields alleges her counsel was ineffective for "not fighting/disputing gun enhancement." [Doc. 807, pg. 4, Doc. 1, pg. 4]. Fields claims that she "was never in possession of the gun that was used as a two-level enhancement on my case. My lawyer failed to dispute this, and this resulted in a higher guideline range." [*Id.*]. On August 7, 2020, the Government filed its response, objecting to Fields' motion [Doc. 5].

## II. STANDARD OF REVIEW

This Court must vacate and set aside Petitioner's sentence if it finds that "the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack…" 28 U.S.C. § 2255. Under Rule 4 of the Governing Rules, the Court is to consider initially whether the fact of the motion itself, together with the annexed exhibits and prior proceedings in the case, reveal the movant is not entitled to relief. If it plainly appears the movant is not entitled to relief, the Court may summarily dismiss the § 2255 motion under Rule 4.

When a defendant files a § 2255 motion, he must set forth facts which entitle him to

3

Case 2:18-cr-00161-DCLC-DHI   Document 813   Filed 09/28/20   Page 3 of 8   PageID #: 7614

relief. *Green v. Wingo,* 454 F.2d 52, 53 (6th Cir. 1972); *O'Malley v. United States*, 285 F.2d 733, 735 (6th Cir. 1961). "Conclusions, not substantiated by allegations of fact with some probability of verity, are not sufficient to warrant a hearing." *O'Malley*, 285 F.2d at 735 (citations omitted). A motion that merely states general conclusions of law without substantiating allegations with facts is without legal merit. *Loum v. Underwood*, 262 F.2d 866, 867 (6th Cir. 1959); *United States v. Johnson*, 940 F.Supp. 167, 171 (W.D. Tenn. 1996). To warrant relief under 28 U.S.C. § 2255 because of constitutional error, the error must be one of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993) (citation omitted) (§ 2254 case); *Clemmons v. Sowders*, 34 F.3d 352, 354 (6th Cir. 1994). *See also United States v. Cappas*, 29 F.3d 1187, 1193 (7th Cir. 1994) (applying *Brecht* to a § 2255 motion). If the sentencing court lacked jurisdiction, then the conviction is void and must be set aside. *Williams v. United States*, 582 F.2d 1039, 1041 (6th Cir.), *cert. denied*, 439 U.S. 988 (1978). To warrant relief for a non-constitutional error, petitioner must show a fundamental defect in the proceeding that resulted in a complete miscarriage of justice or an egregious error inconsistent with the rudimentary demands of fair procedure. *Reed v. Farley*, 512 U.S. 339, 354 (1994); *Grant v. United States*, 72 F.3d 503, 506 (6th Cir.), *cert. denied*, 517 U.S. 152 (1982).

### III.   ANALYSIS

Fields raises one issue in her motion to vacate and that is her counsel was ineffective for not challenging the two-level enhancement for possession of a firearm under U.S.S.G. § 2D1.1(b)(1). The firearm was found under the driver's seat in the car in which she was a front seat passenger. Also found in the car was 221 grams of methamphetamine.

U.S.S.G. § 2D1.1(b)(1) provides for a two-level enhancement to the offense level for a

4

drug-related conviction where "a dangerous weapon (including a firearm) was possessed." "The enhancement should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." U.S.S.G. § 2D1.1 cmt. n.11(A). "To apply the enhancement under section 2D1.1(b)(1), the government must establish that (1) the defendant actually or constructively possessed the weapon, and (2) such possession was during the commission of the offense." *United States v. West*, 962 F.3d 183, 187 (6th Cir. 2020)(quoting *United States v. Hill*, 79 F.3d 1477, 1485 (6th Cir. 1996)).

Fields claims she did not actually possess the firearm. But actual possession is not necessary for this enhancement to apply; constructive possession is enough. "Constructive possession of an item is the ownership, or dominion or control over the item itself, or dominion over the premises where the item is located." *Hill*, 79 F.3d at 1485 (citation and internal quotation marks omitted). Fields clearly had dominion over the area where the firearm was located.

Fields does not claim she had no knowledge of the firearm under the front seat or that she was merely present in the car where the firearm was found. *See United States v. Bailey*, 553 F.3d 940, 947 (6th Cir. 2009)(holding that "[t]he mere fact that [defendant] was driving the car in which the police found the firearm is not enough to establish dominion over the premises and thereby dominion and control over the firearm"). In this case, Fields admitted that she *knew* about the firearm and its location in the car. In *Bailey,* the Sixth Circuit noted several scenarios where constructive possession exists beyond the mere proximity of the defendant to the firearm.

> In cases involving a police officer's discovery of a firearm located on or underneath a seat of the car that the defendant drove or rode in as a passenger, courts of appeals have found sufficient evidence to establish constructive possession when there exists additional evidence beyond proximity. Other incriminating evidence may include such evidence as a police officer's testimony that he or she saw the defendant bend down to conceal something beneath the

5

> seat, the discovery of ammunition within the control of the defendant that fits the firearm at issue, *a defendant's statement to police suggesting that he had knowledge of the firearm* ….

*Bailey*, 553 F.3d at 948–49 (emphasis added). Thus, where one is proximately located near the firearm *and* knows about the firearm, then that will meet the evidentiary standard for this enhancement to apply. In this case, Fields admitted to knowledge of the firearm and was in close proximity to it. That Church also had access to the firearm does not affect the application of this enhancement so long as Fields did as well. *United States v. McFarland*, 766 F. App'x 301, 308 (6th Cir. 2019)("Even if [co-defendant] also had access to the firearms, the law recognizes joint possession, which does not preclude a finding that McFarland constructively possessed the firearms.")(citing *United States v. Wheaton*, 517 F.3d 350, 367 (6th Cir. 2008)).

Moreover, her possession was during the commission of the offense. In this case, along with the firearm, officers discovered over 200 grams of methamphetamine in Fields' car. The Government clearly met its burden for the enhancement to apply.

This should come as no surprise to Fields. She stipulated in her plea agreement that this enhancement should apply. Indeed, she testified under oath that she understood the terms of the plea agreement. *See United States v. Peterson*, 414 F.3d 825, 827 (7th Cir. 2005) ("Judges need not let litigants contradict themselves so readily; a [§ 2255] motion that can succeed only if the defendant committed perjury at the plea proceedings may be rejected out of hand unless the defendant has a compelling explanation for the contradiction"). As argued by the Government, the Court could have dismissed her motion just based on her stipulations in her own plea agreement. The Court did not do that but analyzed the merits of her motion. The Court notes that her plea agreement significantly benefited her as well since the possession of a firearm in

furtherance of a drug trafficking offense, a 18 U.S.C. § 924(c) violation that carries a mandatory five year consecutive sentence, was dismissed.

Fields has not offered any evidence to dispute the application of this enhancement. *See Short v. United States*, 504 F.2d 63, 65 (6th Cir. 1974)(explaining that if "claims are stated in the form of conclusions without any allegations of facts in support thereof," a § 2255 motion is "legally insufficient to sustain review"). Because the Court finds that under these facts, the enhancement for possessing a firearm under U.S.S.G. § 2D1.1(b)(1) applies, Fields counsel was not ineffective. Fields' counsel's failure to object to this enhancement was not professionally unreasonable or prejudicial because any objection would have been futile. *See Coley v. Bagley*, 706 F.3d 741, 752 (6th Cir. 2014) ("Omitting meritless arguments is neither professionally unreasonable nor prejudicial.")

## IV. CONCLUSION

For the reasons set forth above, the Court holds that Fields' convictions and sentence were not in violation of the Constitution or laws of the United States. Accordingly, her motion to vacate, set aside, or correct her sentence under 28 U.S.C. § 2255 [Docs. 807; Doc. 1] is **DENIED** and her motion **DISMISSED**.

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit disapproves of the issuance of blanket denials of certificates of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). The district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id*. at 467. Each issue must be

7

Case 2:18-cr-00161-DCLC-DHI   Document 813   Filed 09/28/20   Page 7 of 8   PageID #: 7618

considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Id.*

Under *Slack*, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Having examined each of the petitioner's claims under the *Slack* standard, the Court finds that reasonable jurists could not conclude that this Court's dismissal of petitioner's claims was debatable or wrong. Therefore, the Court will deny petitioner a certificate of appealability as to each claim raised.

A separate judgment will enter.

SO ORDERED:

                                                    s/Clifton L. Corker
                                                    United States District Judge